IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA K. McKNIGHT                                                                    PLAINTIFF

v.                              CASE NO.        13-2027

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed an applications for SSI  on December 20, 2010 , alleging an onset date of December 9, 2010, due to plaintiff's back and arm pain.  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on November 17, 2011.  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 47 years of age and possessed a

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

GED.  The Plaintiff  had past relevant work ("PRW") experience as a housekeeper and lawn care worker  (T. 137).

On March 9, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's degenerative disc disease and chronic left elbow and knee pain did not meet or equal any Appendix 1 listing.  T. 13.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional restrictions T. 13.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  production & assembly worker, charge account clerk and inspector/checker/weigher.  T. 19.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is not supported by substantial evidence.

**A. Development of the Record**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination

of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *Smith v. Barnhart* 435 F.3d 926, 930 (C.A.8 (Ark.),2006)

In this case the Plaintiff testified that she was in Sparks Hospital for 90 days prior to surgery on her back in 2007(T. 34) but the records were not able to be produced. (T. 35). What was produced were the surgical notes of Dr. Capocelli, M.D. who noted the plaintiff was diagnosed with "lumbar osteomyelitis and thoracic osteomyelitis, T11-12, T12-L1 with associated diskitis refractory to antibiotics" and he performed a bilateral decompression laminectomy on November 15, 2007. (T. 230). Dr. Capocelli saw the Plaintiff at his clinic on February 5, 2008 and an xray was taken of the lateral lumbosacral spine. (T. 228). Dr. Capocelli noted "multilevel degenerative changes at L3-L4, L4-L5, and L5-S1 with small spurring noted at L3-L4 and L4-L5 posteriorly without major canal impingement at L3-L4 and simply more to the right in terms of spurring and the foraminal impingement at L4-L5 that is more central may cause minimal abutment to the thecal sac." His impression was mild foraminal impingement and Degenerative changes. (T. 229). He noted that the Plaintiff had "a reasonable recover" and that her overall pain is "generally better" but still had chronic pain. (T. 227).

It appears the Plaintiff applied for Disability based on her surgery sometime in 2008.  She was denied benefits and failed to appeal thus the denial final. (ECF No. 14, p. 13-14).  On February 13, 2009, however, the Plaintiff was a passenger in a motor vehicle accident and transported to Sparks Hospital ER by ambulance. She was complaining of "pain, pain in right hand, and loose teeth."  The hospital triage notes describe the pain as "generalized" and after describing the accident the notes reflect "Existing injuries prior to trauma were none." (T. 196).  There was no mention of the extensive back surgery she underwent 14 months prior.  The hospital records did reflect a normal ROM in her back. (T. 197).  She was diagnosed with a head contusion, left shoulder strain and dental fracture and discharged that date. (T. 198). Approximately one month later the Plaintiff filed her SSI application contending her onset date was December 9, 2010. (T. 116).

The Plaintiff was seen by Dr. Hoang for a General Physical Examination on March 1, 2011. (T. 208).  He noted her ROM was normal (T. 210) and she had negative Straight-leg test but did note some joint deformities. (T. 211). There was no muscle weakness or atrophy noted and her gait was normal. (Id.).  None of her neurologic test were abnormal except for the right Patellar with he noted was absent. (Id.). Despite all of the normal findings Dr. Hoang stated that she had "severe physical limitations for labor work". (T. 212).

A Physical RFC Assessment was rendered by Dr. Jonathan Norcross, M.D. on March 8, 2011 finding that the Plaintiff could lift 50 pounds occasionally and 25 pounds frequently; that she could stand and/or walk, and sit for 6 hours in an 8-hour workday; and that she had no limitations on her ability to push and/or pull. (T. 216).  He also found no Postural Limitations (T. 217) or Manipulative Limitations. (T. 218). Dr. Norcross's opinion was reviewed and affirmed

by Dr. Bill Payne on April 13, 2011. (T. 225).

The Eighth Circuit has held that, "The opinion of a consulting physician who examines a claimant once ... does not generally constitute substantial evidence." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir.1998). *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). The ALJ, following the case law, stated that:

> "[L]ittle weight is afforded the opinions of the non-examining agency consultants based upon the combined effect of the claimant's impairments. (Exhibits B6F & B8F.) Finally, little weight is afforded the opinions expressed by Dr. Hoang as the undersigned finds that the conclusions reached by Dr. Hoang are not supported by the objective findings contained within his report. The undersigned finds that Dr. Hoang's report appears to contain inconsistencies, and he appears to have relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints." (T. 17).

The ALJ also found that the testimony of the Plaintiff was not credible and cited his reasons. Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). One of the basis for discrediting the Plaintiff's testimony the ALJ cited was that "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." (T. 17). *See Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on

the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment.").

In this case Dr. Capocelli performed extensive surgery on the Plaintiff's back in 2007 and within 14 months she was involved in a motor vehicle accident.  No subsequent MRI was taken of her back and no opinion from her treating orthopedic surgeon was sought.  It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC.  If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record.  *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984). In this case Dr. Capocelli's opinion would be weighted heavily because he is a treating physician and a specialist. Opinions of specialists on issues within their areas of expertise are "generally" entitled to more weight than the opinions of non-specialists. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart*  393 F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527

The ALJ found the Plaintiff had the capability to perform sedentary work even though he gave little weight to any of the consultive opinions and found the Plaintiff's testimony to not be credible. He also found that the Plaintiff could only "occasionally climb, balance, stop, kneel, crouch, and crawl" (T. 13) but there is no medical evidence in the record indicating these restrictions. The duty to develop the record may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *Smith v. Barnhart*  435 F.3d 926, 930 (C.A.8 (Ark.),2006).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v.*

*Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). The court believes that remand is required in this case to allow the ALJ to seek an opinion from Dr. Capocelli concerning the Plaintiff's ability to perform work related activity.

### IV. Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated this January 13, 2014.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE